UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGLIN AUTOMOTIVE LLC and THOMAS R.
ANGLIN,

                    Plaintiffs,

        -v-                                          CIVIL ACTION NO.: 23 Civ. 1404 (JPC) (SLC)

                                                     **ORDER**

EBF HOLDINGS, LLC, NOVUS CAPITAL FUNDING II
LLC, SILVERLINE SERVICES, INC., MCA
RECEIVABLES, LLC, and FIVE G FUNDING LLC,

                    Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

On June 8, 2023, the Court directed Plaintiffs to show cause by June 22, 2023 why their claims against Defendants Silverline Services, Inc. ("Silverline") or Five G. Funding LLC ("Five G") should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect timely service or Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (ECF No. 26 at 1 (the "OTSC")).[1]  The Court warned Plaintiffs that "failure to comply with [the OTSC] may in itself result in dismissal of these claims." (Id. at 2).  On June 29, 2023, Plaintiffs having failed to respond to the OTSC or otherwise communicate with the Court, the Court recommended that Plaintiffs' claims against Silverline and Five G be dismissed without prejudice for failure to effect timely service.  (ECF No. 30 (the "R&R")).

On July 13, 2023—admittedly more than three weeks late—Plaintiffs filed a response to the OTSC.  (ECF No. 40 at 3 ("Plaintiffs recognize that [the] response was not filed by the response

---

[1] Plaintiffs filed the complaint in this matter on February 20, 2023, (ECF No. 1), and the 90-day period for service therefore expired on May 23, 2023.  See Fed. R. Civ. P. 4(m).

deadline of June 22, 2023[.]")).  Their asserted justification for the delay was that counsel "inadvertently put the response deadline as July 22, 2023 in his calendar as the date by which a response [was] due[.]"  (Id.)

With respect to service on Silverline and Five G, Plaintiffs state that they "were unable to effectuate service of process on [Silverline], although service was attempted on March 1, 2023." (Id. ¶ 3).  Specifically, they claim that they attempted to Silverline at 265 Sunrise Highway, Suite 236, in Rockville Centre New York (the "Address"), which is "the address listed for service by Silverline in their paperwork filed with the New York Department of State," but that "the process server discovered that there is no suite 236 at 265 Sunrise Highway."  (Id. ¶ 4).  To support this claim, Plaintiffs filed the process server's "Affidavit of Nonservice[,]" which is dated March 8, 2023 and reflects the server's attempt to serve Silverline at the Address, (ECF No. 36), and a printout from the New York Department of State's website showing the Address as Silverline's "Principal Executive Officer Address" and the "address to which the Secretary of State shall mail a copy of any process against [Silverline] served upon the Secretary of State by personal delivery." (ECF No. 40-1).  As to Five G, Plaintiffs filed an affidavit of service reflecting that Five G was served on February 28, 2023.  (ECF No. 38).  Accordingly, Plaintiffs "request that this Court not dismiss either Defendants [Five G] and/or [Silverline] and allow Plaintiffs an additional sixty (60) days to complete service of process on [Silverline]."  (ECF No. 40 at 3).

Under Federal Rule of Civil Procedure 4, "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal" and, "[i]f the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."  Fed. R. Civ. P. 4(b).

2

Alternatively, "[t]he plaintiff may notify [the] defendant that an action has been commenced and request that the defendant waive service of a summons."  Fed. R. Civ. P. 4(d)(1).  Rule 4 provides specific requirements for requesting waiver of service.  Fed. R Civ. P. 4(d)(1)(A)–(G).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Id.  "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond his control."  Alvarado v. Am. Freightways, Inc., No. 04 Civ. 9536 (JCF), 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005).  "A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause."  Id.

"Even where a plaintiff does not show good cause, district courts may exercise discretion to grant an extension of time to effect adequate service."  Corley v. Vance, 365 F. Supp. 3d 407, 431 (S.D.N.Y. 2019) (citing Zapata v. City of New York, 502 F.3d 192, 196 (2d Cir. 2007)).  "In determining whether to grant a discretionary extension, courts look to '[i] whether any applicable statutes of limitations would bar the action once refiled; [ii] whether the defendant had actual notice of the claims asserted in the complaint; [iii] whether defendant attempted to conceal the defect in service; and [iv] whether defendant would be prejudiced by extending plaintiff's time for service.'"  Corley, 365 F. Supp. 3d at 431–32 (quoting DeLuca, 695 F.Supp.2d at 66).

Here, Plaintiffs have filed proof that Five G was timely served.  (ECF No. 38).  Accordingly, the Court finds that Plaintiffs have SATISFIED the OTSC with respect to Five G.

Plaintiffs have failed, however, to show good cause for their failure to timely serve Silverline. While Plaintiffs claim that they unsuccessfully attempted to serve Silverline in early March 2023, they do not explain why, on learning of the process server's inability to serve Silverline, they did not attempt service by alternative means, including by serving the New York Secretary of State. "[I]t is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served." McKibben v. Credit Lyonnais, No. 98 Civ. 3358 (LAP), 1999 WL 604883, at *4 (S.D.N.Y. Aug. 10, 1999). "That principle certainly applies here, where the attorney knew that a previous attempt at service had failed." Id. Given that, after their unsuccessful efforts, Plaintiffs made no effort to serve Silverline despite having over two more months to do so, see Fed. R. Civ. P. 4(m), the Court finds that Plaintiffs have failed to establish good cause.

Nonetheless, the Court, in its discretion, grants Plaintiffs an extension of time to serve Silverline. Indeed, "as a jural entity, [Silverline] is vested with the responsibility to maintain a correct registered service of process address with New York State." Estrella v. P.R. Painting Corp., No. 06 Civ. 717 (ADS) (AKT), 2006 WL 3359485, at *2 (E.D.N.Y. Nov. 20, 2006); see N.Y. BUS. CORP. L. § 306(b)(1); c.f. Trustees of Loc. 531 Pension Fund v. Am. Indus. Gases, Inc., 708 F. Supp. 2d 272, 276 (E.D.N.Y. 2010) (finding that a defendant's "own willfulness or gross negligence in failing to comply with the law and update its address in the Secretary of State's register explains any lack of actual notice" of lawsuit commenced against it). Given Silverline's apparent failure to maintain a correct address with the New York Secretary of State, the Court finds that a discretionary extension of time to serve Silverline is warranted.

Accordingly, the Court orders as follows:

1.  The R&R at ECF No. 30 is VACATED.

2.  The OTSC is SATISFIED as to Five G.  Given that Five G failed to respond to the Complaint by March 21, 2023 deadline to do so or to otherwise appear in this action, Plaintiffs are hereby ORDERED to request a Certificate of Default as to Five G from the Clerk of Court by **July 21, 2023**, and to file a Motion for Default Judgment as to Five G in accordance with the Individual Practices of the Honorable John P. Cronan, Rule 55 of the Federal Rules of Civil Procedure, and S.D.N.Y. Local Rule 55 by no later than **August 11, 2023**.

3.  Although Plaintiffs FAILED TO SATISFY the OTSC as to Silverline, the Court nonetheless GRANTS Plaintiffs a discretionary extension of time to serve Silverline. By **July 28, 2023**, Plaintiffs shall serve Silverline and filed proof of service on the docket, or show cause good cause why they are unable to do so.  **Plaintiffs are warned that failure to comply with this Order will result in a recommendation of dismissal of its claims against Silverline**.

Dated:      New York, New York
            July 14, 2023

                                        SO ORDERED.

                                        _____
                                        **SARAH L. CAVE**
                                        **United States Magistrate Judge**