UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                                                                :
ANGLIN AUTOMOTIVE LLC and THOMAS R.    :
ANGLIN,                                                    :
                                                           :        23 Civ. 1404 (JPC) (SLC)
                     Plaintiffs,                      :
                                                           :        ORDER ADOPTING
                -v-                              :        REPORT AND
                                                           :        RECOMMENDATION
EBF HOLDINGS, LLC *et al.*,                          :
                                                           :
                   Defendants.                  :
                                                           :
------------------------------------------------------------------------ X

JOHN P. CRONAN, United States District Judge:

      Plaintiffs Anglin Automotive LLC and Thomas R. Anglin bring this action alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, and breach of contract based on Defendants' allegedly predatory lending. *See* Dkt. 1. By Order dated August 4, 2023, the Honorable Sarah L. Cave, to whom this case has been referred for general supervision of pretrial proceedings, issued a Report and Recommendation, recommending that the Court dismiss this case as to Defendant Silverline Services, Inc. ("Silverline") for failure to prosecute. Dkt. 49.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 49 at 3. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601 (2d Cir. 2008).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. In particular, the Court notes that Plaintiff has failed to comply with multiple court orders. *See, e.g.*, Dkts. 26, 30, 41, 42, 50. With respect to Silverline in particular, Plaintiffs commenced this action over six months ago—on February 20, 2023. Yet as of today, Plaintiffs have still failed to serve Silverline despite multiple warnings from Judge Cave and notwithstanding the requirement under Federal Rule of Civil Procedure 4(m) that a defendant must be served within ninety days after a complaint is filed. *See* Report and Recommendation at 1-2

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of

the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Here, the five factors point toward dismissing Plaintiffs' case as to Silverline without prejudice. First, Plaintiffs have ignored multiple court's orders directing them to serve Silverline. *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders . . . and was put on notice that failure to comply could result in dismissal"). Second, the Court warned Plaintiffs multiple times that their failure to comply would result in the case being dismissed without prejudice. *See* Dkts. 26, 30, 41, 49. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). The delay here is both: over six months have passed since this action was initiated, yet Plaintiffs still have not served Silverline. Moreover they have "not complied with the Court's directives and ha[ve] not taken any steps to advance this matter [as to Silverline] despite multiple Orders directing [them] to do so." *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021). Fourth, after balancing the need to alleviate court congestion with Plaintiffs' right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted). And lastly, fifth, the Court has further considered the possibility of a less

3

drastic sanction than dismissal; indeed, Judge Cave granted Plaintiff an additional chance to comply with her show-cause order as a less drastic sanction than dismissal, even after multiple prior failures to comply. However, "[P]laintiff[s] appear[] to have abandoned the litigation [as to Silverline], [so] dismissal is appropriate." *Id.*

Accordingly, the Court ADOPTS the Report and Recommendation in its entirety and dismisses this case without prejudice as to Silverline for failure to prosecute. The Clerk of Court is respectfully directed to terminate Silverline Services, Inc. as a party in this matter.

SO ORDERED.

Dated: August 24, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge

4